**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **GERWIN ANTONIO LEAL RODRIGUEZ,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | **Case No. CIV-26-1070-G** |
| **v.** ) | |
| ) | |
| **WARDEN OF CIMARRON CORRECTIONAL FACILITY, et al.,** ) | |
| **Respondents.** | |

## **ORDER**

Petitioner Gerwin Antonio Leal Rodriguez, a non-citizen proceeding *pro se*, filed a verified petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE").[1]  (Doc. 1). United States District Judge Charles B. Goodwin referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). (Doc. 9).  The undersigned has examined Petitioner's petition for writ of habeas corpus and now orders as follows:

1. **Not later than 14 days,** Respondents shall file an answer, motion, or other response consistent with Rule 5 of the Rules Governing Section 2254 Cases.[2]

---

[1] Petitioner is housed at the Cimarron Correctional Facility in Cushing, Oklahoma.  (Doc. 1, at 1).

[2] The Court may apply the Rules Governing 28 U.S.C. § 2254 Cases to habeas petitions arising under 28 U.S.C. § 2241. See Rule 1(b) of the Rules Governing Section 2254 Cases.

2. If Respondents file an answer or other response, Petitioner may file a reply within **14 days** from the filing date.  *See* Rule 5(e).  If Respondents file a motion, Petitioner shall file a response within 21 days after the date the motion was filed.  Any motion that is not opposed within 21 days may, in the discretion of the court, be deemed confessed.  *See* LCvR 7(g).

3. The Petition alleges that Petitioner is being held within the territorial jurisdiction of the Western District of Oklahoma.  So that the Court may have knowledge of Petitioner's whereabouts and maintain the ability to communicate with her:

   a. Respondents shall file written notice at least seventy-two hours before removing, transferring, relocating, or otherwise moving Petitioner, regardless of whether the new location is within the territorial jurisdiction of the Western District of Oklahoma.  This obligation shall continue if Petitioner is transferred out of this Court's territorial jurisdiction.

   b. If Respondents contest that Petitioner is presently being held within the territorial jurisdiction of the Western District of Oklahoma, they shall file a written notice stating the name and location of the facility in which Petitioner is confined. Such notice shall be provided promptly after Respondents become aware of Petitioner's location.

4. The Clerk of Court is directed to send copies of the Petition (Doc. 1) and this Order to the United States Attorney for the Western District of Oklahoma on Respondents' behalf at the following address: 210 W. Park Ave., Suite 400, Oklahoma City, Oklahoma 73102.

IT IS SO ORDERED this 13th day of May, 2026.

AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE