**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **GERWIN ANTONIO LEAL RODRIGUEZ,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-1070-G** |
| **WARDEN, Cimarron Correctional Facility, et al.,** | ) | |
| **Respondents.** | ) | |

## ORDER

Petitioner Gerwin Antonio Leal Rodriguez filed a Petition for Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2241, challenging Petitioner's detention by U.S. Immigration and Customs Enforcement ("ICE"). In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Amanda L. Maxfield for preliminary review. Certain Respondents filed an Answer (Doc. No. 13), and Petitioner replied (Doc. No. 14). *See also* Doc. No. 15.[1]

On July 8, 2026, Judge Maxfield issued a Report and Recommendation ("R. & R.," Doc. No. 16), recommending that the Petition be granted in part. Respondents filed an Objection (Doc. No. 17), to which Petitioner responded (Doc. No. 18).

Pursuant to controlling authority, the Court must make a de novo determination of the portions of the R. & R. to which a specific objection has been made, and the Court may

---

[1] The appearing respondents are: Chris Gantt, Warden of Cimarron Correctional Facility; Markwayne Mullin, U.S. Secretary of Homeland Security; and U.S. Attorney General Todd Blanche.

accept, modify, or reject the recommendation in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

*I. Background*

Petitioner is a citizen of Venezuela who entered the United States on or about September 23, 2023. R. & R. at 2. On March 4, 2026, ICE issued an arrest warrant and took Petitioner into custody in Oklahoma City, Oklahoma, for removal proceedings. *Id.*; Doc. Nos. 13-1, 13-2.

Petitioner is detained at Cimarron Correctional Facility in Cushing, Oklahoma. Pet. at 2. In the Petition, Petitioner alleges that he has not received an individualized bond hearing and that his ongoing detention violates his right to due process, as well as other federal rights. *See id.* at 1, 5-9.

*II. The Report and Recommendation*

In the R. & R., Judge Maxfield determined in relevant part that 8 U.S.C. § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention. *See* R. & R. at 5-6 (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (2026)). Accordingly, Judge Maxfield concluded in relevant part that Petitioner is entitled to a bond hearing due to violation of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101 et seq. *See* R. & R. at 5-6, 20.

As noted in the R. & R., the Tenth Circuit has held that § 1225(b)(2)(A)'s mandatory-detention requirement "applies only to [noncitizens] seeking admission" at the border of the United States. *Santillan Quiroz*, 180 F.4th at 1239. The Tenth Circuit further held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are," instead, "usually subject to § 1226(a) (and thus eligible for

bond)." *Id.* at 1237; *see also id.* at 1232, 1251 (concluding that the petitioner, who was detained at a traffic stop in the interior of the country, was "eligible for release" and "entitled to a bond hearing").

Respondents correctly concede "that the thrust of this matter is controlled by" *Santillan Quiroz*. Resp'ts' Obj. at 1. Here, as in *Santillan Quiroz*, Petitioner was taken into custody in the interior of the United States after having entered the country. Pet. at 1-2; *see Santillan Quiroz*, 180 F.4th at 1233. And, as in *Santillan Quiroz*, Petitioner has been held in detention without a bond hearing or other "opportunity to argue for release." *Santillan Quiroz*, 180 F.4th at 1234; *see* Pet. at 1-2. Accordingly, the mandatory-detention requirement of § 1225(b)(2)(A) is inapplicable. *See Santillan Quiroz*, 180 F.4th at 1246-51. Because Petitioner "can properly be subject to detention under § 1226(a)," he is entitled to a bond hearing. *Id.* at 1251 n.13.[2]

CONCLUSION

In accordance with the above, the Report and Recommendation (Doc. No. 16) is ADOPTED in relevant part.

IT IS THEREFORE ORDERED:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) is GRANTED as to Petitioner's INA claim.

2. Respondents are ORDERED to, within seven (7) days of the date of this Order, either provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) or release Petitioner into the United States.

---

[2] Because the undersigned finds that habeas relief is warranted on this basis, the Court need not address Petitioner's other claims or the remainder of the R. & R. *See Ghaly v. Figueroa*, No. CIV-26-616-G, 2026 WL 2474438, at *2 & n.3 (W.D. Okla. Aug. 21, 2026).

3. Petitioner's remaining claims for relief are DISMISSED without prejudice.

4. Petitioner's Motions (Doc. Nos. 3, 4, 5, 6, 19, 20, 21) are DENIED AS MOOT.

5. Respondents shall file a declaration with the Court pursuant to 28 U.S.C. § 1746 within ten (10) days of the date of this Order affirming either that a bond hearing was conducted or that Petitioner was released from detention into the United States.

6. The Court will separately enter judgment but retains jurisdiction over this matter to ensure compliance with this Order.

IT IS SO ORDERED this 23rd day of November, 2026.

Charles B. Goodwin

CHARLES B. GOODWIN
United States District Judge